Dear Senator McPherson:
You have requested an opinion from this office regarding the limitations placed on school boards in Louisiana with respect to the lease of sixteenth section lands. Specifically, you have asked the following three questions:
 1) Is a school board seeking to lease land for hunting purposes or construction of permanent structures required to advertise the leases pursuant to the requirements in R.S. 41:1214?
 2) Is a school board seeking to lease land for hunting purposes or construction of permanent structures required to receive consideration equal to the fair market value?
 3) If a school board leased land for hunting purposes or construction of permanent structures in violation of R.S. 41:1214 or Article VII, Section 14 of the Constitution, then are the leases null and void and subject to re-leasing?
Because you specifically note that your questions are related to the leasing of sixteenth section school lands, we here focus only on the law related to the leasing of such lands.[1] As we discussed at length in La. Atty. Gen. Op. No. 09-0211-A, there is a significant difference between the applicable law for the leasing of non-sixteenth section lands and sixteenth section lands. Because of this difference, we here answer your questions only pursuant to the law related to sixteenth section lands. *Page 2 
As we have set forth in several opinions, [2]
sixteenth section lands are unique in their history and in the way that they are treated under Louisiana law. These lands are owned by the State in fee and are administered by the various school boards. Both the State and the school boards are subject to the law specific to sixteenth section lands in any dealings with these lands.[3]
 Is a school board seeking to lease land for hunting purposes orconstruction of permanent structures required to advertise theleases pursuant to the requirements in R.S. 41:1214?
The relevant law for the lease of sixteenth section and indemnity lands is found at La.R.S. 41:711, et seq. As an initial matter, under this law, a school board may only lease sixteenth section lands if a majority of the registered legal voters are against the sale of the land.[4] Specific to your question, in La. Atty. Gen. Op. No. 06-0214, this office stated that:
 Since school boards are included in the definition of "lessor" under La.R.S. 41:1211, the Ellis [v. Acadia Parish School Board, 29 So.2d 461 (La. 1946), reh'g. denied (1947)] court held that school boards are required to follow the procedures established in La.R.S. 41:1211 et seq., prior to leasing Section 16 lands and that La.R.S. 17:87 (allowing school boards to rent Section 16 lands by a mere resolution) was repealed by the 1940 enactments in La.R.S. 41:1211 et seq.
 Therefore, . . . La.R.S. 17:87 alone cannot be viewed as authority for lease of Section 16 lands by school boards, and that a school board must also comply with applicable provisions of Title 41 in leasing Sixteenth Section lands.[5]
Building on the analysis in La. Atty. Gen. Op. No. 06-0214, we have also opined, in La. Atty. Gen. Op. No. 08-0118, that (footnotes omitted):
 If the Board leases the 16th Section land under La.R.S. 41:711, in addition to La.R.S. 17:87, this Office has, on previous occasions, opined that the provisions of the Public Lease Law (La.R.S. 41:1211-1294) are applicable and require compliance in the leasing of school lands. The Public Lease Law requires advertisement in the official journal of the parish where the land is located and secret, sealed bids forwarded through the United States mail. In the absence of an express permissive provision in a special law that *Page 3 
authorizes a public entity's lease to be negotiated without advertisement and competitive bidding, as in La.R.S. 41:981, all public lands must be leased in accordance with the provisions of La.R.S. 41:1211, et seq. The only statutory exemption available to the Board with regard to Public Lease Law is contained in La.R.S. 41:981.[6]
We see no reason to depart from the analyses contained in these previous opinions. Based upon these earlier analyses, it is our opinion that the advertising requirements of La.R.S. 41:1214 must be complied with for the purposes above-stated (i.e., leasing for hunting purposes or construction of permanent structures) in order for a lease of sixteenth section lands to be valid.[7]
 Is a school board seeking to lease land for hunting purposes orconstruction of permanent structures required to receiveconsideration equal to the fair market value?
In La. Atty. Gen. Op. No. 05-0172, we opined that any leases of sixteenth section land, in order to comply with the mandates of La.Const. Art. VII, Sec. 14(A), must be accomplished for a fair market value. This constitutional provision states, in pertinent part, that,
 . . . the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.[8]
This provision has been interpreted to mean that the State must receive fair market value for divesting itself of anything of value. Because sixteenth section lands are "things of value of the state", it would be unlawful to lease them for anything less than fair market value. Accordingly, we here adopt the conclusion in La. Atty. Gen. Op. No. 05-0172 and opine that the lease of sixteenth section lands must be for fair market value.[9] *Page 4 
 If a school board leased land for hunting purposes orconstruction of permanent structures in violation of R.S. 41:1214 orArticle VII, Section 14 of the Constitution, then are the leasesnull and void and subject to re-leasing?
In answer to this question, we refer you to La.C.C. Art. 7, which states that,
 [p]ersons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity.
Because a lease is a "juridical act"[10] and because we have here opined that leasing sixteenth section lands without following the advertising (and other) requirements of the Public Lease Law is prohibited, it is our opinion that any leases so let constitute a violation of La.C.C. Art. 7 and are thus null ab initio. In other words, it is as though the leases never existed. Each party to the null leases must be returned to their position prior to the leasing.[11]
In support of our opinion that the subject leases are null abinitio, we also refer you to La.C.C. Art. 2030, which states:
 A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral.
 A contract that is absolutely null may not be confirmed.
Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.
Because the law of lease as it applies to sixteenth section lands mandates a certain procedure for leasing, any lease that does not follow the legally-mandated procedure would be "illicit" for the purposes of La.C.C. Art. 2030. Thus, any such lease would be nullab initio.
In response to the final part of this question (i.e., may the property be re-leased?), it is our opinion that there is no legal requirement that the property must be re-leased. Any leases not conforming to La.R.S. 41:711, et seq., are simply null. However, should a school board nevertheless wish to attempt a re-lease, such activity must be done in strict compliance with La.R.S. 41:711, et seq., which includes the requirements for advertising that are among the primary subjects of your request. *Page 5 
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 RYAN M. SEIDEMANN
 Assistant Attorney General
 JDC/RMS/tp
[1] This opinion also does not address the leasing of such lands for oil, gas, or other mineral purposes.
[2] See e.g., La. Atty. Gen. Op. Nos. 05-0068; 05-0172; 06-0214; 09-0211-A.
[3] Id.
[4] See La.R.S. 41:716; La. Atty. Gen. Op. No. 06-0214.
[5] These requirements include compliance with La.R.S. 41:1214.
[6] As is explained more fully in La. Atty. Gen. Op. No. 08-0118, the only exception to the Public Lease Law requirements (and thus the advertising requirements) for leasing sixteenth section lands is through a specific statutory scheme in La.R.S. 41:981 for the creation of industrial parks. Based upon your opinion request, it is not clear whether the "construction" to which you refer may fall under the La.R.S. 41:981 exemptions. In any event, such a determination would likely be a factual inquiry that is properly reserved for the courts.
[7] La. Atty. Gen. Op. No. 08-0118.
[8] La.Const. Art. VII, Sec. 14(A).
[9] Although we recognize that the interpretation of La.Const. Art. VII, Sec. 14(A) has changed somewhat since the issuance of La. Atty. Gen. Op. No. 05-0172 (see Directors of theIndustrial Development Board of the City of Gonzales, Louisiana,Inc. v. All Taxpayers, Property Owners, Citizens of the City ofGonzales, 2005-2298 (La. 9/6/06) 938 So.2d 11), we do not believe that that change has any functional impact on the opinion in La. Atty. Gen. Op. No. 05-0172.
[10] State v. Anchor Gasoline Corp., 95-0528 (La.App. 1 Cir. 1/26/96), 669 So.2d 470, 473 (noting that a lease is a juridical act).
[11] La.C.C. Art. 2033.